UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PETER T. GILLO, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CAUSE NO.:2:14-CV-99-JVB-JEM |
| | ) |
| GARY COMMUNITY SCHOOL | ) |
| CORPORATION, *et al.,* | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on three motions:

(1) Plaintiff's Motion for Sanctioning the Defendants Gary Community School Corporation, Cheryl Pruitt, Willie Cook, Marianne Fidishin, Edmund J. Fraire, Latanza Boarden, Andrew S. Greene and Charlotte Wright and Their Counsels Tracy Coleman and Robert Lewis and Associates for Failure to Serve the Plaintiff Copies of Their Appearance as Counsel for the Listed Defendants and All Other Pleading They Filed Per Rule 5 of the Federal Rules of Civil Procedure [DE 41], filed by Plaintiff on June 6, 2014;

(2) Plaintiff's Motion for Court to Sanction the Defendants' Counsels Tracy Coleman and Robert Lewis and Associates for Failure to Serve Copy of Their Motion to Dismiss on Plaintiff in Disregard of to [sic] Rule 5 of the Fed. R. Civ. Pro. [DE 46], filed by Plaintiff on June 20, 2014; and

(3) Plaintiff's Motion to Strike Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(a)(1)(A)(i) and 12(f) [DE 47], filed by Plaintiff on June 24, 2014.

**PROCEDURAL BACKGROUND**

Plaintiff, *pro se*, filed his Complaint against the Gary Community Schools Corporation, Gary

Teachers Union Local Number 4, Deaf Services Inc., and various members of their respective staffs on April 1, 2014. Defendants Gary Community School Corporation, Cheryl Pruitt, Willie Cook, Marianne Fidishin, Edmund J. Fraire, Latanza Boarden, Andrew S. Greene, and Charlotte Wright—who the Court will refer to collectively as "the Gary Schools Defendants"—were served with the Complaint and Summonses on various dates between April 4 and April 14, 2014, making their responsive pleadings due between April 25 and May 5, 2014.

On May 17, 2014, Attorney Tracy Coleman filed her Appearance on behalf of all of the Gary Schools Defendants. No certificate of service was included to indicate whether the Appearance was served on Plaintiff or any other Defendant. On June 5, 2014, the Gary Schools Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim. The Motion included a certificate of service that stated that a copy of the Motion, as well as a copy of the earlier-filed Appearance, was sent to Plaintiff by U.S. mail on June 5, 2014, at the address on record for him.

On June 6, 2014, Plaintiff filed a motion for clerk's entry of default against the Gary Schools Defendants because their deadlines to answer the Complaint had passed. He also filed his first Motion for Sanctions, asking that Attorney Coleman be sanctioned for not serving him with her Appearance. On June 16, 2014, Plaintiff filed a second motion for clerk's entry of default against the Gary Schools Defendants, as well as a motion for entry of default judgment against them. On June 20, 2014, Plaintiff filed his second Motion for Sanctions, stating that he had not been served with the Motion to Dismiss and asking that Attorney Coleman be sanctioned for failing to serve him with it. On June 24, 2014, he filed his Motion to Strike, asking that the Motion to Dismiss be stricken because it was untimely filed.

On June 25, 2014, without requesting leave to file their responsive pleading after the deadline, the Gary Schools Defendants filed an Answer.

On July 7, 2014, the Gary Schools Defendants belatedly filed a response to the first Motion for Sanctions and timely filed responses to the second Motion for Sanctions and to the Motion to Strike.

All Union and Deaf Services Defendants moved for and were granted extensions of time to respond to the Complaint before their deadlines to answer had passed. They all also filed their Answers within the deadlines set by the Court.

**ANALYSIS**

All three of the instant Motions stem from Plaintiff's frustration with Attorney Coleman's lack of adherence to the rules of procedure and the difficulty it has caused him as a *pro se* litigant in tracking the status of his case.

**I. Motion to Strike**

In his Motion to Strike, Plaintiff asks the Court to strike the Gary Schools Defendants' Motion to Dismiss because it was filed more than 21 days after service of the Complaint. Federal Rule of Civil Procedure 12 governs the form and timing for responding to a complaint. It provides that "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a). It also permits certain defenses—including lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted—to be asserted by a motion "made before pleading." Fed. R. Civ. P. 12(b). As with most deadlines, Federal Rule of Civil Procedure 6 permits a court to extend the deadlines to answer or file a motion to dismiss. Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for

3

good cause, extend the time . . . before the original time or its extension expires[] or on motion made after the time has expired if the party failed to act because of excusable neglect.")

The Gary Schools Defendants argue that their Motion to Dismiss was timely because it was made before they filed their Answer; that it, it was "made before pleading" as Rule 12(b) requires. That Answer was not, however, itself timely filed, and the Gary Schools Defendants were not granted leave to file it late. While Rule 12(b) standing alone would on its face permit the Gary Schools Defendants to file their Motion to Dismiss at any time before their responsive pleading, reading that section in the context of the rest of Rule 12 requires a motion to dismiss under Rule 12(b) to be filed before the *deadline* for pleading—either within the 21 days set by Rule 12(a) or within an extension of time granted by the Court according to Rule 6(b). 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1361 (3d ed. 2004) ("Since the only time limitation on Rule 12(b) motions is that they must be made 'before pleading,' Rule 12(a) . . . normally controls the time limits on these motions."); *see Wabash Ry. Co. v. Bridal,* 94 F.2d 117, 121 (8th Cir. 1938) (holding that the defendants waived their objection to jurisdiction by failing to file their motion to dismiss until after the time to answer had expired); *cf. Clover Leaf Freight Lines v. Pac. Coast Wholesalers Ass'n*, 166 F.2d 626, 632 (7th Cir. 1948) (stating that a motion to quash service for lack of venue was untimely when filed after time to answer had expired). To conclude otherwise would effectively allow a defendant that has failed to answer to grant itself an extension of time without showing good cause or excusable neglect. Fed. R. Civ. P. 6; *Cf.* Fed. R. Civ. P. 12(a)(4) (providing for the automatic resetting of the deadline to answer to 14 days after the denial of a motion to dismiss under Rule 12(b)).

Accordingly, the Court will strike as untimely the Gary Schools Defendants' Motion to

Dismiss and their Answer. If they wish to re-file either document, they must first file a motion requesting leave to do so as required by Federal Rule of Civil Procedure 6(b), showing good cause for the extension of time and excusable neglect for failing to act earlier. Fed. R. Civ. P. 6(b)(1).

## II. Motions for Sanctions

In his Motions for Sanctions, Plaintiff requests that the Court sanction the Gary Schools Defendants and Attorney Coleman for failing to serve Plaintiff with Attorney Coleman's Appearance and for failing to serve him with their Motion to Dismiss. Plaintiff states that he only learned that Attorney Coleman had appeared in the case because her name was included on a certificate of service filed by other Defendants sixteen days after she appeared. In his second Motion for Sanctions, Plaintiff writes that he only learned of the Motion to Dismiss after requesting a copy of the docket from the Clerk of the Court.

In their response to the first Motion for Sanctions, the Gary Schools Defendants admit to failing to serve Plaintiff with a copy of Attorney Coleman's Appearance at the time it was filed but state that a copy was mailed on June 5, 2014, to correct that failure. The Gary Schools Defendants' response to the second Motion for Sanctions states that they served Plaintiff with the Motion to Dismiss, as they indicated in the certificate of service.

Federal Rule of Civil Procedure 5 requires that certain papers, including appearances, be served on all parties. Fed. R. Civ. P. 5(a)(1)(E). Neither Rule 5 itself nor any Local Rule provides for sanctions for non-compliance. *See* Fed. R. Civ. P. 5; *Almy v. Kickert Sch. Bus Line, Inc.*, No. 08-CV-2902, 2013 WL 80367, at *5-6 (N.D. Ill. Jan. 7, 2013); *compare* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper . . ."). However, a court may fashion sanctions aimed at curing any prejudice caused to a party by the lack of service, at punishing frequent or bad faith violations

of the rules of procedure, or at deterring future violations. *See Almy*, 2013 WL 80367, at *6-7 (declining to impose sanctions for lack of service under Rule 5, taking into consideration the lack of bad faith or prejudice to the other party and that it was an isolated incident); *see also* 4B Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 1143 (3d ed. 2004) ("The consequences of a failure to serve as required by Rule 5 depend on the nature of the paper involved, . . . and it is not possible to generalize.")(collecting cases).

Plaintiff states he had to spend $10 to obtain a copy of the Motion to Dismiss from the Clerk of the Court but otherwise does not explain how the lack of service of either document has practically affected his case. If, as Plaintiff alleges but the Gary Schools Defendants deny, Plaintiff was not actually served with the Motion to Dismiss, his lack of notice of the need to respond would potentially have caused him prejudice. However, any potential prejudice will be cured by the Court's decision to strike the Motion to Dismiss on other grounds. Because the Court finds no prejudice caused to Plaintiff by the Gary Schools Defendants' lack of service on him, sanctions beyond the striking of the Motion to Dismiss and the Answer are not warranted.

Despite declining to impose sanctions at this time, the Court reminds Attorney Coleman that the service requirements of Rule 5 are not mere technicalities, but are meant to assure that all parties are provided with the papers affecting them, an especially important consideration when a party is *pro se* and has no electronic access to the Court's docket. 4B Charles Alan Wright, et al., *Federal Practice and Procedure* § 1141 (3d ed. 2004) (citing Fed. R. Civ. P. 5, Advisory Committee Notes on 1963 Amendments). The Court cautions that it will be less tolerant of any further failures to follow all applicable rules of procedure.

## CONCLUSION

For the foregoing reasons, the Court hereby:

(1) **DENIES** Plaintiff's Motion for Sanctioning the Defendants Gary Community School Corporation, Cheryl Pruitt, Willie Cook, Marianne Fidishin, Edmund J. Fraire, Latanza Boarden, Andrew S. Greene and Charlotte Wright and Their Counsels Tracy Coleman and Robert Lewis and Associates for Failure to Serve the Plaintiff Copies of Their Appearance as Counsel for the Listed Defendants and All Other Pleading They Filed Per Rule 5 of the Federal Rules of Civil Procedure [DE 41] but **CAUTIONS** Attorney Coleman of the need to comply with all applicable Rules and reiterates that further delinquencies may result in the Court entertaining future Motions for Sanctions from Plaintiff;

(2) **DENIES** Plaintiff's Motion for Court to Sanction the Defendants' Counsels Tracy Coleman and Robert Lewis and Associates for Failure to Serve Copy of Their Motion to Dismiss on Plaintiff in disregard of to [sic] Rule 5 of the Fed. R. Civ. Pro. [DE 46]; and

(3) **GRANTS** Plaintiff's Motion to Strike Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(a)(1)(A)(I) and 12(f) [DE 47] and **STRIKES** the Gary Schools Defendants Motion to Dismiss [DE 38] and Answer [DE 49].

SO ORDERED this 31st day of July, 2014.

        s/ John E. Martin
        MAGISTRATE JUDGE JOHN E. MARTIN
        UNITED STATES DISTRICT COURT

cc: All counsel of record
    Plaintiff, *pro se*