# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

PETER T. GILLO,

    Plaintiff,

v.

GARY COMMUNITY SCHOOL
CORPORATION, *et al.*

    Defendants.

Case No.: 2:14-CV-99-JVB-JEM

## OPINION AND ORDER

The Court addresses Plaintiff's recent motion to amend (DE 206), and grants it in part and denies it in part.

**A. Background and procedural posture**

Plaintiff filed two EEOC charges, one in 2011 and another in 2013. The record indicates he received a resent right-to-sue notice regarding his 2011 EEOC charge on January 16, 2014. (DE 174, ¶ 29.)

Plaintiff initiated this lawsuit by filing a complaint less than 90 days later, on April 1, 2014. (DE 1.) This complaint contains seven counts:

1) "Violation of 42 U.S.C. § 1983: (due process and equal protection clauses);"

2) "Violation of 42 U.S.C. § 1983, Violation of 42 U.S.C. § 12112(a) (discrimination based on disability: ADA 1990, as amended, Amendment Acts of 2008);"

3) "Violation of 42 U.S.C. § 1983 (whistle blower retaliation);"

4) "Violation of 42 U.S.C. § 1983: equal protection clauses {visible flashing fire safet [sic] violation, 24 C.F.R. § 100.203 and 24 C.F.R. § 100.204(a)};

5) "Violation of 42 U.S.C. § 1985(3): conspiracy to interfer [sic] with civil rithts [sic];"

6) "Common law conspiracy;" and

7) "IC § 34-15-1 (defamatory libel, traduce and calumny)."

(DE 1, ¶¶ 128–261, without complete capitalization.) This complaint includes allegations based on the subject matter of both EEOC charges.

The record indicates that about a month after Plaintiff filed this complaint, and while it was pending, Plaintiff received a right-to-sue notice regarding his 2013 EEOC charge, on May 5, 2014. (DE 174, ¶ 30.) He filed this notice with the Court less than 90 days later, on August 1, 2014. (DE 60 at 7.)

The parties addressed the issues regarding the 2013 EEOC charge in the summary judgment briefs.

On July 12, 2016, Plaintiff moved to amend his complaint to incorporate the 2013 EEOC charge and the notice of right to sue regarding that charge. (DE 206.) With this motion, Plaintiff submitted a proposed amended complaint and these attachments:

a) EEOC Charge of Discrimination No. 846-2011-67632;

b) Letter from the DOJ to Plaintiff, resent January 14, 2014, re: EEOC Charge No. 846-2011-67632;

c) EEOC Charge of Discrimination No. 470-2013-02972;

d) Dismissal and Notice of Rights, EEOC Charge No. 470-2013-02972; and

e) June 18, 2012, letter from the EEOC to Plaintiff and Defendant GCSC.

(DE 206-1 at 47–53.)

But Plaintiff had already filed with the Court the documents listed above at (a) through (d), on August 1, 2014. (DE 60.) And Plaintiff had already filed with the Court the document

listed above at (e), on April 4, 2016, in response to Defendant GCSC's motion for summary judgment. (DE 178 at 46–47.)

**B.     Discussion**

Federal Rule of Civil Procedure 15(a)(2) controls Plaintiff's attempt to amend in this situation, and allows him to amend his pleading only with the opposing parties' written consent or the Court's leave, which the Court should freely give when justice requires. Fed. R. Civ. P. 15(a)(2).

The proposed amended complaint would make more changes than merely incorporating previously filed documents. The proposed amended complaint would re-frame numerous allegations. The proposed amended complaint would drop the common law conspiracy count, and add a fraud count.

It is too late—more than two years after the original complaint, which is now subject to two motions for summary judgment—to amend the complaint now, especially when Plaintiff has not articulated any legitimate basis for the delay, or any compelling reason why the amendment is necessary beyond the incorporation of documents.

The record indicates Plaintiff received a resent right-to-sue notice regarding his 2011 EEOC charge on January 16, 2014. (DE 174, ¶ 29.) He filed this lawsuit less than 90 days later, on April 1, 2014. (DE 1.) The record indicates he then received a right-to-sue notice regarding his 2013 EEOC charge on May 5, 2014. (DE 174, ¶ 30.) He filed this notice with the Court less than 90 days later, on August 1, 2014. (DE 60 at 7.)

The Court **GRANTS** the motion (DE 206) in so far as the Court deems the attachments to DE 206, except the proposed amended complaint, to have already been incorporated into the complaint. But the Court **DENIES** the motion (DE 206) in all other respects, because the proposed amended complaint makes more changes than merely incorporating previously filed documents. If Plaintiff wants to drop the common law conspiracy count, he may so move.

**SO ORDERED** on July 15, 2016.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
